UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN ARIELLE MARKOWITZ, INMATE #663474,<br><br>                      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and UNITED STATES DISTRICT JUDGE TODD W. ROBINSON,<br><br>                      Defendants. | Case No.: 24cv1053-LL (SBC)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

      Plaintiff Lillian Arielle Markowitz, a prisoner confined at the Multnomah County Jail in Portland, Oregon, is proceeding pro se with a civil rights Complaint accompanied by a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1-2. Plaintiff names as Defendants the United States of America and United States District Judge Todd W. Robinson. ECF No. 1 at 2. She claims her federal constitutional right to counsel was violated in connection to criminal proceedings against her in this Court in So.Dist.Cal.Crim. Case No. 24cr0904-TWR by a 27-day delay in the appointment of counsel, and that her federal constitutional right to due process was violated when the lead

prosecutor in that case requested that the Oregon court stay her pre-trial release and order her returned to this District. *Id*. at 2-4.

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of her IFP motion, Plaintiff has submitted a copy of her trust account stated attested to by a trust account official. ECF No. 2 at 5. The document shows she had an average monthly balance of $147.35 and average monthly deposits of $297.00, with an available balance of $160.70. *Id*. The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $59.40. Plaintiff remains obligated to pay the $280.60 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, her Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Although Plaintiff indicates this action is brought pursuant to 42 U.S.C. § 1983, because the Complaint names federal rather than state actors as Defendants, it is properly construed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

### B. Discussion

Plaintiff alleges Defendant United States District Judge Robinson violated her right to counsel by allowing a 27-day delay in appointing counsel to represent her in her criminal

proceedings in this Court, and that Defendant United States of America violated her right to due process when the Assistant United States Attorney acting as lead prosecutor in that case requested that the Oregon court stay her pre-trial release and ordered her returned to this District. ECF No. 1 at 3-4. Defendant District Judge Robinson is immune from actions arising from the discharge of his official duties as alleged by Plaintiff here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("[*Bivens*] . . . provides judicial officers immunity from injunctive relief even when the common law would not.")  To the extent Plaintiff's claims against Defendant United States of America is a claim against the prosecutor in her case for a violation of due process (*see* ECF No. 1 at 4), it is barred by the doctrine of quasi-judicial immunity. Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by a prosecutor in the performance of an integral part of the criminal judicial process as alleged by Plaintiff here. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 427-29 (1976); *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quasi-judicial immunity is available for attorneys general for conduct related to their state litigation duties in civil suits).  To the extent the allegations against Defendant United States of America are not against the prosecutor, they are entirely conclusory and fail to state a claim on that basis. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a claim for relief.)

In addition, Plaintiff is unable to state a claim against either Defendant based on allegations regarding her criminal proceedings, as such claims as currently alleged sound only in habeas. Claims related to the "circumstances" of a prisoner's confinement are brought in a civil rights action, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004), citing *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a [civil rights] action."), citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  A claim based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable outside of the habeas context unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  To the extent Plaintiff seeks damages based on claims that she has been unlawfully convicted, sentenced, and/or incarcerated, she may not pursue those claims in a civil rights action pursuant without first showing her conviction has been invalidated.  *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a [civil rights] action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'"), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a prisoner with the exclusive means to attack the validity of her confinement in federal court).  Because Plaintiff does not allege her conviction has been invalidated by way of direct appeal, executive order, or through the issuance of a writ of habeas corpus, *Heck*, 512 U.S. at 487, all claims against Defendants are also *sua sponte* dismissed from this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim against any named Defendant, and that it is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### E. Leave to Amend

Although it appears unlikely Plaintiff will be able to amend her Complaint to state a claim, because she is proceeding pro se, the Court will grant her an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. §1915(a).

2. **DIRECTS** the Warden of the Multnomah County Jail, or their designee, to collect from Plaintiff's prison trust account and forward to the Clerk of Court the initial partial filing fee of $59.40 as well as the $280.60 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1) by garnishing monthly payments from her account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

4) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on the Warden of the Multnomah County Jail, 11540 N.E. Inverness Dr., Portland, Oregon, 97223.

5) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to her original pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d

896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  July 10, 2024

_____
Honorable Linda Lopez
United States District Judge